UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
CHARLESETTA S. HORTON and
JEFFREY DELMORAL,                                          NOT FOR PUBLICATION

      Plaintiffs,

                                **MEMORANDUM & ORDER**
      v.                                  **05-CV-04018 (NGG) (RER)**

NATIONWIDE RECOVERY SYSTEMS, INC.,

      Defendant.
----------------------------------------------------------X
GARAUFIS, United States District Judge.

Now before the court, in this Fair Debt Collection Practices Act, 15 USC § 1692 et seq., ("FDCPA") case, is the motion by Defendant Nationwide Recovery Systems, Inc., ("Defendant") to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6).

On August 23, 2005, Plaintiff Charlesetta S. Horton ("Horton") filed a Complaint in this action and on November 14, 2005, the Complaint was amended, adding Plaintiff Jeffrey Delmoral ("Delmoral") (collectively, "Plaintiffs"). The Amended Complaint alleged that Defendant had violated the FDCPA in its attempts to collect on the Plaintiffs' individual accounts with Cingular Wireless, a mobile phone company. On November 18, 2005, Defendant moved to dismiss the action.

Under Fed. R. Civ. P. 12(b)(6), an action should be dismissed if it "fail[s] to state a claim on which relief can be granted." For the reasons explained below, Defendant's motion is granted.

    **I.**      **Factual Background**

In deciding a Rule 12(b)(6) motion, a district court, "must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint

by reference." Newman & Schwartz v. Asplundh Tree Expert Co., Inc., 102 F.3d 660, 662 (2d Cir. 1996) (internal quotations omitted). These facts are taken from Plaintiffs' Amended Complaint and supporting documents.

On about August 11, 2005, Defendant sent a collection letter ("Letter") to Plaintiff Horton, attempting to collect the debt owed by her to Cingular Wireless.[1] See Amended Complaint ("Am. Compl.") at 2. On about August 19, 2005, Defendant sent a similar letter to Plaintiff Delmoral. Id.

The letters were identical in all respects, with the exception of the addressees' personal information. See Am. Compl. at ¶ 15. On the obverse side of the Letter Defendant explained the nature of its relationship with the Plaintiffs, demanded payment, and stated that non-compliance would negatively impact the Plaintiffs' credit records subject to the expiration of the FDCPA-mandated "time period [listed] on the back of th[e] letter." Letter at 1. Below this text, Defendant included the following warning: "**This communication is an attempt to collect a debt. Any information obtained shall be used for that purpose. 'NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION.'** " Id. (emphasis in the original). The reverse side of the Letter sets forth the debtors' rights, as required under the FDCPA, 15 U.S.C. § 1692g(a). Id. at 2. The notice was prominently displayed in bold capitals under the heading, "**IMPORTANT INFORMATION**." Id.

Plaintiffs claim that the language on the obverse side of the Letter impermissibly overshadows and contradicts the FDCPA-required notice on the reverse, amounting to violations of §§ 1692g(a) and 1692e(10). See Am. Compl. at 2.

---

[1] A redacted copy of one of the collection letters is annexed to this opinion as an Appendix.

## II. Legal Standard

A complaint should not be dismissed under Fed. R. Civ. Pro. 12(b)(6) unless it appears beyond doubt that the Plaintiffs can prove no set of facts in support of their claim which would entitle them to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Cohen v. Koenig, 25 F.3d 1168, 1172 (2d Cir. 1994). When making a determination of whether the plaintiff can prove any set of facts which would entitle her to relief, a court must assume that the allegations in the complaint are true and draw all reasonable inferences in the plaintiff's favor. See Cooper v. Pate, 378 U.S. 546, 546 (1964); Kaluczky v. City of White Plains, 57 F.3d 202, 206 (2d Cir. 1995). Vague and conclusory allegations, however, are not sufficient to withstand a motion to dismiss. A complaint must "contain allegations concerning each of the material elements necessary to sustain recovery under a viable legal theory." American Council of Learned Soc'ys. v. MacMillan, Inc., 1996 U.S. Dist. LEXIS 18145 at *9 (S.D.N.Y. Dec. 6, 1996) (J. Keenan). Accordingly, the Court has reviewed the pleadings in an effort to determine whether Plaintiff states a claim on which relief under FDCPA §§ 1692e(10) and g(a) can be granted.

Plaintiff claims relief under the statutory framework of the FDCPA. First, § 1692e(10) generally forbids, "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." Then § 1692g(a) places a specific, affirmative requirement on a debt collector to furnish a "validation notice" to its debtor. Such notice must include an accurate statement of the debtor's rights with regard to the collection attempt.[2]

---

[2] FDCPA § 1692g(a) reads in full as follows:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice

In determining whether a collection notice violates § 1692g and e, the court must decide whether the "least sophisticated consumer" would be misled as to his or her rights under the FDCPA. See Greco v. Trauner, Cohen & Thomas, L.L.P., 412 F.3d 360, 363 (2d Cir. 2005); see also Russell v. Equifax A.R.S., 74 F.3d 30, 34 (2d Cir. 1996); Clomon v. Jackson, 988 F.2d 1314, 1318-19 (2d Cir. 1993) (adopting the same test for § 1692e). Under the FDCPA, deceptiveness may be interpreted to include a notice that can be "reasonably read to have two or more different meanings, one of which is inaccurate." Russell, 74 F.3d at 35; Turner v. Asset Acceptance, LLC, 302 F. Supp. 2d 56, 58 (E.D.N.Y. 2004). However, the consumer is required to be reasonable and thorough in reading the collection notice. Greco, 412 F.3d at 363. "[E]ven the least sophisticated consumer can be presumed to possess a rudimentary amount of information about the world and a willingness to read the collection notice with some care." Id. (quoting Clomon, 988 F.2d at 1319).

A court must grant a 12(b)(6) motion to dismiss, therefore, if after taking all the facts as alleged by the plaintiff in the complaint as true it concludes that "nothing in the [Letter's] wording would discourage" the Plaintiffs from exercising their rights under the FDCPA and that

---

containing --

> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

the text on the obverse of the Letter has no chance to "reduce[] the veracity or lucidity of the ... disclosure statement." Id. at 366. It is insufficient for Plaintiffs to merely advance "bizarre or idiosyncratic interpretations" of collection letters. Id. at 363.

### III. Discussion

Applying FDCPA's § 1692g "least sophisticated customer" standard, cognizant of the threshold required by Fed. R. Civ. Pro. 12(b)(6) that all reasonable inferences should be drawn in favor of the Plaintiffs, it remains clear to this court that the Plaintiffs can prove no set of facts in support of their claim to entitle them to relief under the law.

Plaintiffs maintain that the language of the obverse of the Letter contradicts the recitation of Plaintiffs' FDCPA rights on the reverse and threatens the Plaintiffs in an attempt to intimidate them. Plaintiffs fail to explain, though, in what way the offending language meets the "two or more different meanings" test required to establish "overshadow[ing] or contradict[ion]" in violation of § 1692g, as articulated in Russell, 74 F.3d at 34.

An examination of the text on the obverse of the Letter reveals no such ambiguity. Sentences one, two, and four read, "This is a formal demand for payment in full. Your account has been assigned to this agency from Cingular Wireless - New York. ... Notice: payment must be made directly to our office only, and please include your file number on your check." Letter at 1. These sentences do not contradict the Plaintiffs' statutory rights. Nothing in the FDCPA can be read to preclude a debt collector from merely attempting to collect on a debt. Furthermore, similar language in debt collection cases has been held permissible by the courts. See, e.g., Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 296 (2d Cir. 2003) ("Please be advised that we represent the above-named creditor who claims you have a delinquent balance as stated above. ... When paying the balance in full ... return the bottom portion of this letter in the self-

addressed envelope provided for your convenience."). Defendant's demand for payment does not imply that the money must be remitted immediately. Cf. Unger v. National Revenue Group, Ltd., No. 99-CV-3087, 2000 WL 1897346 at *2-3 (E.D.N.Y. 2000) (Gleeson, J.) (finding a contradiction in violation of § 1692g where the collection letter included the phrase, "Payment in full is due now"). Nor does the Letter's language mandate a specific time period shorter than thirty days within which the debtor must respond. Cf. Russell, 74 F.3d at 32 (finding a violation where the letter stated, "IF YOU DO NOT DISPUTE THIS CLAIM (SEE REVERSE SIDE) AND WISH TO PAY IT WITHIN THE NEXT 10 DAYS, WE WILL NOT POST THIS COLLECTION TO YOUR FILE" (emphasis in the original)). Reading the collection letter in a light most favorable to Plaintiffs, there is no basis under which its terms can be understood as contradictory. As a matter of law, I conclude that even the least sophisticated customer would not be misled as to his or her rights under the FDCPA.

Because this court finds that the Letter did not contain contradictory messages, it is unnecessary to inquire into whether these messages were reinforced with threatening language, as Plaintiffs aver. See Pls.' Opp. Mem. at 3-4. Plaintiffs rely on Desantis v. Roz-Ber, Inc., 51 F. Supp. 2d 244 (E.D.N.Y. 1999), arguing that the text in the Letters is "sufficiently close" to the offending language in that case. See Pls.' Opp. Mem. at 4. The court in Desantis held that Roz-Ber used language of "threatening nature" that was designed "to evoke immediate payment from the debtor." 51 F. Supp. 2d at 250. The collection letter in Desantis demanded the debtor's "IMMEDIATE ATTENTION!" and then stated as follows: "If you would like our cooperation, then: 1. Remit payment in full to this office or, 2. Contact the undersigned ... and arrange settlement." Id. at 248. The court held that this false alternative "overshadow[ed] the validation notice" under the threat of Roz-Ber withdrawing its cooperation. Id. at 250. Desantis is

distinguished from the instant case because the collection letter in that case presented a contradictory message. In the instant case, however, whether or not the Letter contains a threat, it does not contain contradictory messages, which precludes a finding of liability under § 1962g. Furthermore, this court need not decide whether the language of the Letter constitutes a threat, because neither the text of § 1692g nor the Second Circuit requires a finding of threat to establish liability. See Russell, 74 F.3d at 35 (holding "it is unnecessary to prove the contradiction is threatening").

Finally, Plaintiffs claim that the Letter is deceptive under § 1692e(10). Because this court finds that the Letter could not be read to have "two or more different meanings", this claim must also be dismissed, as § 1692e(10) is scrutinized under the same standard of review as § 1692g(a). Id.; see also Clomon, 988 F.2d at 1318-19.

**Conclusion**

For the reasons set forth above, Defendant's motion is GRANTED.

SO ORDERED.

Dated: September 29, 2006  /s/
Brooklyn, N.Y.  Nicholas G. Garaufis
United States District Judge

# APPENDIX